UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Russ Von'D Debnam, <br><br> PLAINTIFF <br><br> v. <br><br> CB&I/McDermott, <br><br> DEFENDANTS | Case No. 0:21-cv-3131-TLW <br><br><br> **ORDER** |

Plaintiff Russ Von'D Debnam ("Plaintiff"), proceeding *pro se*, filed this employment discrimination claim on September 27, 2021, ECF No. 1, against Defendant CB&I/McDermott ("Defendant"). This matter now comes before the Court for review of the Report and Recommendation ("Report") filed by United States Magistrate Judge Shiva V. Hodges. ECF No. 6. After the Report was issued, Plaintiff filed a letter with the Court, ECF No. 9, which, in the light most favorable to Plaintiff, it will construe as objections to the Report. Accordingly, this matter is now ripe for the Court's review, adjudication, and disposition.

RELEVANT BACKGROUND

Plaintiff's employment discrimination claim arises out of his termination while working at the VC Summer nuclear power plant in Fairfield County, South Carolina. ECF No. 1 at 5. As noted in the Report, Plaintiff previously filed an employment discrimination lawsuit in this Court arising out of the same termination. ECF No. 6 at 1. That suit was filed against Defendant "CB&I/WECTEX Global Project Services" in 2016. ECF No. 6 at 1. That case was stayed when Defendant WECTEC filed for

bankruptcy in the United States District Court for the Southern District of New York (the "bankruptcy case"). *Id.* at 2. Plaintiff filed a notice of claim in the bankruptcy case and confirmed to the bankruptcy court that he only intended to file one claim relating to the case. *Id.* at 3. Accordingly, the bankruptcy court ordered the maximum allowed for the claim to be $200,000.00. *Id.* Plaintiff received this amount, subject to withholding taxes, which resulted in a payment to him in the amount of $ 134,037.53. ECF No. 6 at 4.

Given both the procedural history and ultimate outcome of the bankruptcy case, this Court dismissed Plaintiff's 2016 action on July 29, 2021, finding that it was without jurisdiction. *Id.* Less than two months later, Plaintiff filed the instant action for "direct discrimination" alleging that he was wrongfully terminated without formal notification" from his position at the VC Summer nuclear power plant. ECF No. 1 at 5. He requests relief of $2,895,820.00; however, as noted by the magistrate judge, he admits he already received $200,000.00 for this claim in the bankruptcy case. *Id.*

## THE MAGISTRATE JUDGE'S REPORT

The magistrate judge filed the instant Report recommending that Plaintiff's case be dismissed for lack of jurisdiction. The recommendation is based on the fact that the bankruptcy court specifically retained jurisdiction over Plaintiff's claims and that Plaintiff "did not file a complaint in either [the bankruptcy court or this] court to have a debt excepted from the bankruptcy proceedings[,]" *i.e.*, he did not seek to sever any claim for "direct discrimination" from the employment discrimination claim litigated (and settled) in the bankruptcy case *Id.* at 6. Moreover, the magistrate judge

noted that Plaintiff "has provided no allegations showing that [the newly named defendant] 'CB&I/McDermott' has responsibility for any liability related to his employment discrimination claim." *Id.* Thus, the magistrate judge could "not construe Plaintiff's complaint as alleging that an entity other than WECTEC is responsible for the claim for which he has already accepted payment from WECTEC." *Id.* Therefore, she recommended the case be dismissed for lack of jurisdiction because Plaintiff's complaint did not assert a claim distinct from the one he brought in 2016, which was resolved in the bankruptcy case. *Id.*

In response to the Report, Plaintiff filed a handwritten letter with the Court. ECF No. 9. The Court will construe this letter as Plaintiff's objections to the Report. The letter consists of a seven-bullet point list discussing CB&I's purchase by WECTEC, WECTEC's bankruptcy, the litigation of the bankruptcy case, WECTEC's settlement of Plaintiff's employment discrimination claim in the bankruptcy case, and various comparisons between Defendant CB&I and Defendant McDermott. ECF No. 9 at 1. The letter also purports to provide the Black's Law Dictionary for "cover-up." *Id.*

## STANDARD OF REVIEW

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to

>those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## ANALYSIS

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections. Plaintiff's objections do not dispute the magistrate judge's conclusion that this court lacks jurisdiction, and they do not provide a basis for Plaintiff to relitigate in this Court a claim which has already been settled in bankruptcy court. The procedural facts are clear: Plaintiff filed a claim in the bankruptcy case regarding his allegations in this case, and—as he acknowledges—that claim was resolved in his favor, resulting in a payment to him of $134,037.53. As well, in the objections Plaintiff states "Westinghouse covered the wrongfully termination of employment for CB&I in . . . [the] Southern District of New York," which was resolved in his favor in the amount of $200,000.00. ECF No. 9 at 1. He could have brought his "direct discrimination" claim in the New York Court. He now seeks $2,895,820.00 for the "direct discrimination" claim. This Court concludes that no such claim for "direct discrimination" exists. Without any alleged facts in the complaint—or in his objections—in addition to the lack of jurisdiction, there is no legal or factual basis to now allow this claim to proceed in the District of South Carolina. Without a showing of jurisdiction in South Carolina, and having had the opportunity to litigate the "direct discrimination" claim in New York in 2019,

Page 4 of 5

dismissal is appropriate. The allegations simply do not address these issues nor provide any basis to conclude the magistrate judge's analysis is incorrect. Accordingly, after careful review of the Report and the objections, for the reasons stated by the magistrate judge, the Report, ECF No. 6, is **ACCEPTED**, Plaintiff's objections, ECF No. 9, are **OVERRULED**, and his Complaint, ECF No. 1, is hereby **DISMISSED**.

IT IS SO ORDERED.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

February 3, 2023
Columbia, South Carolina